**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LATOSHA JEFFERSON,

        Plaintiff,

  v.

KELLOGG SALES COMPANY,

        Defendant.
                                     /

No. C 08-04132 SI

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Defendant Kellogg Sales Company[1] has filed a motion to dismiss plaintiff's first amended complaint. The motion is scheduled for hearing on November 14, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES defendant's motion to dismiss.

**BACKGROUND**[2]

Plaintiff Latosha Jefferson, an African American, is a former employee of defendant Kellogg Sales Company. Plaintiff was hired on or about March 7, 2001 as a territory service representative. Complaint ¶ 16. In March, 2005, she was promoted to territory manager and held that position until she was terminated on October 30, 2007. *Id.*

---

[1] On October 29, 2008, the Court approved the parties' stipulation for dismissal and substitution of defendants, which left defendant Kellogg Sales Company as the sole remaining defendant in the action.

[2] All facts are taken from plaintiff's first amended complaint.

Plaintiff claims that employees at defendant company often made racially discriminatory comments in her presence, and that plaintiff's manager knew about these comments but took no action to stop them. *Id.* ¶ 17. The workplace had no known or enforced anti-discrimination policies and procedures. *Id.*

Plaintiff alleges several specific instances of racially discriminatory behavior. In one incident, an employee at a diversity training presented a film that repeated the word "nigger." *Id.* ¶ 18. Plaintiff, the only black employee present at the training, was asked to share her view of the film. *Id.* When she stated that she disapproved of the film's use of the word "nigger," the employee responded, "The film is effective and we are not going to stop showing it." *Id.*

In another incident, the territory manager for Oakland stated in a product placement meeting that he planned to order defendant's product on the first and fifteenth of the month and to advertise it near a display for malt liquor. *Id.* ¶ 19. Plaintiff understood the remark as implying that residents of Oakland, a "well known African-American community," would be inclined to purchase malt liquor each month when they received their paychecks. *Id.*

At other meetings, the same territory manager made "countless degrading comments" about the crime rate in Oakland. *Id.* Plaintiff understood the remarks to insinuate that "African-Americans in the community were criminals." *Id.*

Plaintiff was terminated after a store receiving clerk requested that plaintiff no longer service his store. *Id.*, ¶ 25. Plaintiff alleges that in several other instances, non-black employees were not terminated under similar circumstances. *Id.*, ¶ 24.

Plaintiff filed a complaint in Alameda County Superior Court on July 15, 2008. In her first amended complaint, she brought claims for racial discrimination, failure to investigate and prevent discrimination and retaliation, and failure to take remedial action, all in violation of the California Fair Employment and Housing Act ("FEHA"). *See* Cal. Gov. Code § 12940. Plaintiff also alleged common-law claims for wrongful termination, negligent supervision, intentional infliction of emotional distress, and defamation.

Defendant invoked diversity jurisdiction, *see* 28 U.S.C. § 1332, and removed to this Court pursuant to 28 U.S.C. § 1441(a). Now before the Court is defendant's motion to dismiss plaintiff's

2

claims for negligent supervision, intentional infliction of emotional distress, defamation, and for punitive damages.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). Dismissing a complaint for failure to state a claim is proper only "if it appears beyond doubt" that the plaintiff "can prove no set of facts which would entitle him to relief." *Vazquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (internal quotation marks omitted).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**1. Plaintiff's negligent supervision and intentional infliction of emotional distress claims are not barred by the exclusivity provisions of the Workers' Compensation Act**

Defendant argues that plaintiff's causes of action for negligent supervision and intentional infliction of emotional distress are barred by the Workers' Compensation Act ("WCA"). In California,

when an employee sustains a personal physical injury during and arising out of the course of his employment, the employee's "sole and exclusive" remedy is under the WCA. Cal. Labor Code §§ 3600, 3602; *see also Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d 148, 160 (1987).

Certain types of injurious employer misconduct, however, are not covered by the exclusivity provisions of the WCA. *See Huffman v. Interstate Brands Companies*, 121 Cal. App. 4th 679, 694 (2d Dist. 2004). When employers step out of their proper role or engage in conduct of questionable relationship to the employment, they may not then hide behind the shield of workers' compensation. *See Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 708-15 (1994) (sexual or racial discrimination not included in the compensation bargain). The proper inquiry is "whether the employer's conduct violated public policy and therefore fell outside the compensation bargain." *Id.* at 715; *see Maynard v. City of San Jose*, 37 F.3d 1396, 1405 (9th Cir. 1994) (intentional and negligent infliction of emotional distress claims based on alleged racially discriminatory retaliation not preempted by WCA); *Hart v. Nat'l Mortgage & Land Co.*, 189 Cal. App. 3d 1420, 1432 (4th Dist. 1987) (employer's campaign of sexual harassment fell outside the reasonably anticipated conditions of work).

### A.   Negligent supervision

In this case, plaintiff's negligent supervision claim is based on her allegations that she was forced to watch a film that repeated the word "nigger"; that she was targeted by being asked to comment publicly on the film; and that when she voiced her concerns, an employee at defendant company told her that the film would continue to be used in trainings. Plaintiff also alleges that defendant's employees frequently made racially discriminatory comments at company meetings. These contentions are sufficient to establish that defendant employer's alleged conduct constituted racially discriminatory acts. Such acts are contrary to public policy and therefore fall outside the exclusivity provisions of the WCA.

The authorities relied on by defendant do not require a contrary conclusion. In *Stiefel v. Bechtel Corp.*, 497 F. Supp. 2d 1138, 1152-53 (S.D. Cal. 2007), the court dismissed the plaintiff's claim for negligent supervision because he sought to recover for an industrial personal injury sustained in the course of his employment, not for disability discrimination. *Arendell v. Auto Parts Club, Inc.*, 29 Cal.

4

App. 4th 1261 (1st Dist. 1994) concerned plaintiffs' claim that their employer failed to provide adequate security despite a known crime risk.

Defendant also relies on *Coit*, 14 Cal. App.4th at 1606 (1st Dist. 1993). A district court in this district distinguished *Coit* as follows:

> [*Coit*] is an anomaly for two reasons: first, the corporate entity in *Coit* would not functionally have disciplined or supervised the perpetrator of the sexual harassment because he was the president, chairman of the board, and majority shareholder of the corporation; second, the appellate court's dicta in *Coit* misstates the reasoning of the California Supreme Court in *Cole*, which held that when the misconduct attributed to an employer includes actions which are a normal part of the employment relationship (such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances), an employee suffering emotional distress causing disability may not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability. In the instant case, defendants' alleged conduct cannot be viewed as a risk of the employment expected to occur with substantial frequency in the working environment. *Cole*, 43 Cal.3d at 161.

*See Greenfield v. America West Airlines, Inc.*, No. 03-5183, 2004 WL 2600135, at *7 (N.D. Cal. Nov. 16, 2004) (Patel, J.).

This Court finds *Greenfield* persuasive. Defendant's attempt to distinguish *Greenfield* by arguing plaintiff has alleged racial discrimination instead of sexual harassment is a distinction without a difference. Contrary to defendant's assertion, plaintiff's claim for negligent supervision is based on a purported pattern of discriminatory behavior, not solely on plaintiff's termination.

Accordingly, defendant's motion to dismiss plaintiff's negligent supervision claim is DENIED.

### B.   Intentional infliction of emotional distress

Causes of action for emotional and psychological damage are not barred by the WCA if the distress was "engendered by an employer's illegal discriminatory practices." *See Accardi v. Superior Court*, 17 Cal. App. 4th 341, 352 (2d Dist. 1993), *disapproved of on other grounds by Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798 (2001). According to plaintiff, defendant was motivated by racial animus when it enforced the employment policies that led to plaintiff's termination, which in turn caused plaintiff to experience emotional distress. Plaintiff also claims to have suffered emotional distress as a result of defendant's discriminatory acts throughout her employment. Plaintiff's claims do not fall within the exclusionary provisions of the WCA because being targeted by racial discrimination

5

is not included in the "compensation bargain," *see Maynard*, 37 F.3d at 1405.

Defendant contends that plaintiff cannot state a claim because she alleges that defendant's employees were acting within the scope of their employment. This allegation does not defeat plaintiff's claim. The inquiry is whether the conduct violated public policy and therefore fell outside the compensation bargain, not whether the defendant's employees were acting in the scope of their employment. Defendant's reliance on *Shoemaker v. Myers*, 52 Cal. 3d 1 (1990) is misplaced. In *Shoemaker*, the California Supreme Court expressly held that the exclusive remedy provisions apply *only* in cases of such industrial personal injury or death. *Id.* at 16 (emphasis in original). Plaintiff alleges that her injury was due to her racially-motivated discharge. This is injury "not seen as reasonably coming within the compensation bargain." *Id.* at 20. The other authorities cited by defendant are inapposite. *See Miklosy v. Regents of Univ. of California*, 44 Cal.4th 876 (2008) (no racial animus or other discrimination alleged); *Up-Right, Inc. v. Van Erickson*, 5 Cal. App. 4th 579, 583 (5th Dist. 1992) (same); *Vuillemainroy v. American Rock & Asphalt, Inc.*, 70 Cal. App. 4th 1280, 1285-86 (1st Dist. 1999) (same).

Accordingly, defendant's motion to dismiss plaintiff's intentional infliction of emotional distress claim is DENIED.

**2.    Plaintiff's defamation claim is adequately pled**

Defendant argues that plaintiff has not adequately pled defamation. In California, defamation is an invasion of the interest in reputation. The tort involves the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or that causes special damage. *See* Cal. Civil Code §§ 45, 46.

Here, plaintiff claims that defendant's employees made false statements about plaintiff's poor performance in her trade or profession and intentionally published the defamatory statements to third parties. *See* Complaint ¶¶ 81, 82. Defendant argues that these allegations are insufficient because a plaintiff is required to specifically identify the words that give rise to a defamation claim. The authorities defendant cites for the proposition that the precise words must be pled are inapposite because they state the standard for resisting a motion to strike pursuant to California Code of Civil Procedure

§ 425.16 (anti-SLAPP actions). *See, e.g.*, *Gilbert v. Sykes*, 147 Cal. App.4th 13, 31 (3d Dist. 2007) (special motions to strike pursuant to § 425.16 operate "like a demurrer or motion for summary judgment in reverse"). Defendant cites no authority establishing that the exact words making up the allegedly defamatory statement must be pled in the employment context.

Defendant also claims that plaintiff's complaint is insufficient because it does not establish that the statements were unprivileged.[3] Communications made "without malice" in the context of employment are conditionally privileged from a defamation claim. *See* Cal. Civ. Code § 47(c); *see also Noel v. River Hills Wilsons, Inc.*, 113 Cal. App. 4th 1363, 1368-69 (1st Dist. 2003). Where the complaint shows that the statement is within a class qualifiedly privileged, it is necessary for the plaintiff to go further and plead and prove that the privilege is not available as a defense in the particular case, e.g., because of malice. *See Kapellas v. Kofman*, 1 Cal.3d 20, 29 (1969) (cited in Witkin, *Summary of California Law*, Torts § 600, p. 883); *see also Lundquist v. Reusser*, 7 Cal. 4th 1193 (1994). Malice can be established by "a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *Lundquist*, 7 Cal. 4th at 1213.

Here, plaintiff claims that defendant's employees had no grounds for believing that the derogatory statements about plaintiff's poor performance at her job were true. Under *Lundquist*, his allegation is sufficient to establish malice at this stage in the proceeding.

Accordingly, plaintiff's defamation claim is adequately pled and defendant's motion to dismiss this claim is DENIED.

**3.    Plaintiff has stated sufficient facts to allege punitive damage liability**

California Civil Code § 3294 provides that a plaintiff may seek exemplary damages in a non-contractual claim "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice . . ." The circumstances under which an employer may be held

---

[3] Defendant appears to have abandoned its claim that plaintiff's defamation cause of action is barred by the manager's privilege, presumably because this privilege protects individual managers from independent liability and all the individual defendants have been dropped from the lawsuit.

7

liable for punitive damages based upon acts of an employee include: "the employer's (1) advance knowledge of the employee's unfitness; (2) authorization or ratification of the wrongful conduct; and (3) personal culpability. Moreover, a corporate employer may be liable only if the knowledge, authorization, ratification or act was on the part of an officer, director or managing agent of the corporation." *Grieves v. Superior Court*, 157 Cal. App. 3d 159, 167 (4th Dist. 1984); *see also* Cal. Civ. Code § 3294(b).

Here, plaintiff has stated sufficient facts to allege punitive damage liability. Plaintiff alleges that Jim Hess and Tim Rodriguez are managing agents of defendant company. *See* Complaint ¶¶ 5, 6. Plaintiff alleges that Hess made discriminatory remarks in company meetings, *see* Complaint ¶ 20, and that Rodriguez treated plaintiff differently from white employees when he terminated her due to a customer complaint, *see* Complaint ¶¶ 23, 24. These acts by managing agents Hess and Rodriguez are sufficient to constitute "oppression, fraud, or malice." *See Monge v. Superior Court*, 176 Cal. App. 3d 503, 511 (2d Dist. 1986) ("Under any formulation of the pleading standard, the . . . complaint, read as a whole, sufficiently allege[s] a deliberate intent on the part of defendants to sexually harass and then to retaliate against plaintiffs").

Accordingly, defendant's motion to strike plaintiff's claims for punitive damages is DENIED. **Defendant's answer to the complaint is due no later than November 21, 2008.**

**IT IS SO ORDERED.**

Dated: November 11, 20008

SUSAN ILLSTON
United States District Judge